**Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 15, 2011.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-01027-CV

### IN RE MARIA JESUS YRIGOYEN, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**309th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-64716**

## MEMORANDUM OPINION

On December 1, 2011, relator Maria Jesus Yrigoyen filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Sherri Y. Dean, presiding judge of the 309th District Court of Harris County to conduct a hearing on interim attorney's fees and reinstate the agreed temporary orders issued on June 30, 2011.

This is a divorce case in which the parties entered into a mediated settlement agreement. The trial court issued temporary orders on June 30, 2011. As part of those orders relator was entitled to spousal support. The mediated settlement agreement provided for contractual spousal support to begin on September 1, 2011. The agreement disposed of all community property, but a dispute arose over the value and disposition of

the husband's medical practice. Therefore, the valuation and disposition of the medical practice has been set for trial in January, 2012.

At a status conference on November 2, 2011, the trial court determined that the husband was no longer obligated to pay relator temporary spousal support, but was obligated to pay support under the mediated settlement agreement. The court did not vacate the temporary orders, but acknowledged that the husband was obligated by the support provision in the mediated settlement agreement, not the temporary orders. At the conclusion of the status conference, relator's attorney requested a hearing on interim attorney's fees. The trial court responded, "Right now, Counsel, I'm not considering that. Y'all are excused."

In her petition for writ of mandamus, relator asks this court to compel the trial court to reinstate the temporary orders and to hold a hearing on interim attorney's fees. However, the record does not reflect that the court rescinded the temporary orders; it merely ordered the husband to comply with the support provision in the mediated settlement agreement, not the temporary support provision. Relator further asks this court to compel the trial court to hold a hearing on interim attorney's fees. However, the trial court has not refused to hold such a hearing, nor is there an order in the record denying fees. *See* Tex. R. App. P. 53.2.

Relator has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Frost, Seymore, and Jamison.